**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18-81750-CIV-MARRA/MATTHEWMAN

JAMES E. SCOTT,

          Plaintiff,

vs.

INTERNAL REVENUE SERVICE,

          Defendant.

_____/

FILED BY _____KJZ_____ D.C.

Apr 28, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION [DE 29]

**THIS CAUSE** is before the Court upon Plaintiff, James E. Scott's ("Plaintiff") Motion to Compel Production ("Motion") [DE 29]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 31. Defendant, Internal Revenue Service ("Defendant"), has filed a response [DE 30], and Plaintiff has filed a reply [DE 32]. The Court finds that a hearing is unnecessary. Therefore, this matter is ripe for review.

### I.  Background

On December 26, 2018, Plaintiff filed a Complaint for Injunctive Relief [DE 1] under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, alleging that Defendant had improperly withheld certain agency records from him. On March 20, 2020, Defendant filed its Motion for Summary Judgment [DE 27]. On March 27, 2020, Plaintiff filed his Motion.

### II.  Motion, Response, and Reply

Plaintiff is seeking the following discovery from Defendant:

> (1) all records showing the hours worked by declarants Hawkins and Keaton while processing Plaintiff's FOIA request, shown by at least weekly total;

1

(2) any search memo or revised search memo sent to DLS;

(3) a supplemental declaration from Hawkins as to whether she is aware of email backup systems used by the Office of Chief Counsel, whether she is aware of the fact that PLR files do not necessarily contain all communications pertaining to the PLR from all employees, whether she and all others involved followed all IRM procedures and, if the procedures were not expressly followed, what justified any deviation;

(4) a supplemental declaration from Keaton similar to that requested from Hawkins, but additionally stating why he included the name of the requester in his search directions to Jones, Bell, and Hubbard, why he delayed his supplemental search of Jones and Bell from at least March 14, 2019, to June 21, 2019, why he additionally delayed supplemental search to Hubbard until July 26, 2019, and the rationale that substantiates his conclusion as to any potentially responsive record that it was in fact not responsive; and

(5) a listing of which documents in those records actually produced, as well as those records deemed non-responsive, pertains to which source PLR.

[DE 29, pp. 1-2]. Plaintiff argues that this discovery is relevant to the determination of whether or not Defendant has acted in good faith and whether or not the Declarations of Hawkins and Keaton attached to Defendant's Motion for Summary Judgment are truthful and entitled to a presumption of good faith. *Id.* at p. 2.

In response, Defendant contends that discovery is generally not appropriate in FOIA cases, and Plaintiff has not successfully established why it is appropriate in this case. [DE 30, p. 1]. Defendant also points out that Plaintiff has never actually served any discovery requests upon it, so the motion to compel is improper. *Id.* at p. 11. According to Defendant, Plaintiff's allegations of bad faith have no merit and do not support his request for discovery. *Id.* at pp. 13-15. Defendant further contends that Defendant's discovery requests are outside of the scope of discovery that is ever permitted in FOIA case. *Id.* at p. 15-16.

In reply, Plaintiff again argues that the discovery sought is relevant to the issue of whether

Defendant has acted in good or bad faith. [DE 32].

### III.    Analysis

"Case law holds that discovery generally is not available in FOIA actions." *Davis v. United States Dep't of Veterans Affairs*, No. 16-CV-00701-CBS, 2017 WL 3608192, at *7 (D. Colo. Aug. 22, 2017), aff'd, 730 F. App'x 571 (10th Cir. 2018); *see also Bush v. Risk Mngmt. Agency/U.S. Dep't of Agri.*, No. 16–CV–4128–CJW, 2017 WL 2483704, at *3 (N.D. Iowa Jun. 8, 2017) ("Without a showing of bad faith or even the inference of bad faith by the agency, there is no sufficient basis for granting limited discovery."); *O'Neill v. U.S. Dep't of Justice*, No. 16–C–425, 2017 WL 384334, at *3 (E.D. Wis. Jan. 25, 2017) ("discovery is generally unavailable in FOIA actions because factual disputes are rare and legal issues are limited to how the law is applied to the documents at issue") (internal quotation marks omitted); *Freedom Watch, Inc. v. Nat'l Security Agency*, 197 F. Supp. 3d 165, 176 (D.D.C. 2016) ("Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith, and the court is satisfied that no factual disputes remain."); *Broward Bulldog, Inc. v. U.S. Dep't of Justice*, No. 12-61735-CIV, 2014 WL 11531367, at *1 (S.D. Fla. Mar. 31, 2014) ("The Court acknowledges that while discovery is not prohibited in FOIA cases, it is often unnecessary and generally limited."); *Tamayo v. U.S. Dep't of Justice*, 544 F. Supp. 2d 1341, 1343–44 (S.D. Fla. 2008) ("Discovery is usually not allowed at all if the court is satisfied that the affidavits/declarations submitted by the agency are sufficiently detailed, non-conclusory, and submitted in good faith"). Even when it is permitted, the only discovery generally allowed in FOIA actions pertains to "the scope of the search for responsive records and the agency's indexing and classification procedures." *Tamayo*, 544 F. Supp. 2d at 1345.

The Court finds that Plaintiff's Motion is due to be denied for several reasons. First,

3

Plaintiff never actually propounded discovery requests upon Defendant. He simply demanded production of certain discovery in his Motion to Compel. This is improper. Plaintiff failed to follow the applicable discovery rules and cannot demand production of that which he never properly requested.

Second, as stated above, discovery is usually limited or wholly disallowed in FOIA cases. Plaintiff has made an insufficient showing as to why discovery should be allowed in this case.

Third, Plaintiff has not made a showing, or even a real inference, of bad faith on Defendant's part. Plaintiff's speculation is insufficient. The Court has independently reviewed the Declarations at issue, as well as the entire record, and does not see any bad faith or inference of bad faith on Defendant's part.

Finally, in addition to the above reasons, the discovery sought by Plaintiff is overbroad, vague in part, and generally falls outside of the scope of the limited discovery that is sometimes permitted in FOIA cases. The instant case is simply not a case where discovery is necessary or appropriate.

## IV.   Conclusion

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion to Compel Production [DE 29] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of April, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge

4