UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-81750-CIV-MARRA/MATTHEWMAN

JAMES E. SCOTT,

    Plaintiff,

vs.

INTERNAL REVENUE SERVICE,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF A VAUGHN INDEX [DE 28] AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC***

**THIS CAUSE** is before the Court upon Plaintiff, James E. Scott's ("Plaintiff") Motion to Compel Production of a Vaughn Index, and Plaintiff's Motion for an Extension of Time to File His Response to Defendant's Motion for Summary Judgment ("Motion") [DE 28]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 31. Defendant, Internal Revenue Service ("Defendant"), has filed a response [DE 30], and Plaintiff has filed a reply [DE 32]. The Court finds that a hearing is unnecessary. Therefore, the matter is ripe for review.

**I.**    **Background**

On December 26, 2018, Plaintiff filed a Complaint for Injunctive Relief [DE 1] under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, alleging that Defendant had improperly withheld certain agency records from him. On March 20, 2020, Defendant filed its Motion for Summary Judgment [DE 27] and attached to it the Declarations of David Nimmo [DE 27-3], Richelle Hawkins [DE 27-4], and Andrew Keaton [DE 27-5]. On March 24, 2020, Plaintiff filed

1

the pending Motion [DE 28].

## II.    Motion, Response, and Reply

In Plaintiff's Motion [DE 28], he requests an order requiring Defendant to

> provide, no later than the later of April 17, 2020 or fifteen (15) business days after an order to do so is entered, an itemized, indexed inventory of every agency record or portion thereof relating to Plaintiff's request which Defendant asserts to be exempt from disclosure, accompanied by a detailed justification statement covering each refusal to release records or portions thereof, in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974), and 32 CFR 701.39.

[DE 28, p. 1]. Plaintiff also requests that the Court require Defendant to include in the Vaughn index which Private Letter Rulings ("PLR") pertain to which documents. *Id.* Plaintiff believes that Defendant has improperly withheld 255 pages of documents, plus materials subsequently collected by Andrew Keaton, as nonresponsive to his FOIA requests. *Id.* According to Plaintiff, there are "inconsistencies and discrepancies" in the various Declarations, so they "should not be afforded the presumption of good faith that might otherwise obtain." *Id.* at p. 2.

Plaintiff points out that Defendant has admitted to withholding 12 pages of documents in part and 91 pages in full. [DE 28, p. 4]. With regard to the 12 pages of documents withheld in part, Plaintiff contends that they are redacted as to the claimed exemptions, and some of them are apparently subject to multiple claims of exemption. *Id.* With regard to the 91 pages that Defendant withheld in full, Plaintiff contends that it is not clear who authored the documents and who received them and that Defendant improperly withheld header information, the author and recipient information, and the date. *Id.* Plaintiff claims that none of the 104 pages are identified as to which PLR they pertain to. *Id.* Finally, Plaintiff maintains that a Vaughn index is "indispensible [sic] for Plaintiff and this Court to test the bases for Defendant's claims of exemption. Also, such an index may reduce the number of documents as to which there is a *bona fide* dispute, and help

narrow the issues." *Id.* at p. 5. In the Motion, Plaintiff also requests an extension of time to respond to Defendant's Motion for Summary Judgment. *Id.* at pp. 5-6.

In response, Defendant argues that the Motion should be denied in its entirety. [DE 30, p. 1]. Defendant asserts that "[b]ecause the Declaration of Andrew Keaton ("Keaton Declaration") is specific and detailed enough to provide an adequate factual basis for the Court to determine whether the Service is properly withholding records under the FOIA, a *Vaughn* index is not necessary in this case." *Id.* According to Defendant, Plaintiff "fails to identify a single manner in which the Keaton Declaration in this case is deficient." *Id.* at p. 3. Rather, "Scott's concerns all revolve around the processing of his Request at the administrative level, and whether the Service is properly withholding records." *Id.* at p. 5.

Defendant asserts that the Keaton Declaration contains the same information that a Vaughn index would, so a Vaughn index is unnecessary. [DE 30, p. 5]. Defendant further argues that Plaintiff "has failed to demonstrate how the author/recipient names, PLR numbers, and email header information would help the Court determine whether the Service is properly withholding records, in whole or in part, under the FOIA exemptions"; moreover, the relevant case law does not require such information to be provided. *Id.* at p. 7. Finally, Defendant contends that it is not required to include non-responsive documents in a Vaughn index. *Id.* at p. 8. Defendant does not object to Plaintiff's request for an extension of time to respond to Defendant's Motion for Summary Judgment. *Id.* at p. 1.

In reply, Plaintiff again argues that Defendant has failed to identify which PLR each document pertains to, as well as the identification of the authors and recipients. [DE 32, pp. 2-3]. He maintains that "the request for the additional material, which will inform this proceeding as to the good faith of Defendant, because the good faith of Defendant affects how its declarations

3

should be weighed." *Id.* at p. 4. In other words, Plaintiff appears to contend that the Court should require a Vaughn index because there is some evidence of bad faith on Defendant's part in this case. *Id.* at pp. 4-5.

### III.     Analysis

In *Vaughn*, the court addressed the problems entailed in assuring that a government agency's allegations that information is exempt from the FOIA are adequately justified. 484 F.2d at 826. The court came up with a procedure for testing the classification of claims to exceptions. *Id.* at 826-28. A Vaughn index is "a detailed index showing justification for withholding each document." *Miscavige v. I.R.S.*, 2 F.3d 366, 367 (11th Cir. 1993). "A true Vaughn index identifies discrete portions of documents and identifies the exemption pertaining to each portion of the document. In most cases, such an index provides the date, source, recipient, subject matter and nature of each document in sufficient detail to permit the requesting party to argue effectively against the claimed exemptions and for the court to assess the applicability of the claimed exemptions." *St. Andrews Park, Inc.*, 299 F. Supp. 2d at 1271 (S.D. Fla. 2003) (quoting *Moye v. National R.R. Passenger Corp.,* No.2003 WL 21146674, at *11 n. 2 (M.D. Fla. May 13, 2003)).

In a FOIA case such as this one, "[t]he burden is squarely on the government to prove that the information in question is covered by one of the exemptions." *Ely v. F.B.I.*, 781 F.2d 1487, 1489–90 (11th Cir. 1986). In the Eleventh Circuit, "an adequate factual basis may be established, depending on the circumstances of the case, through affidavits, a *Vaughn* Index, *in camera* review, *or* through a combination of these methods." *Miccosukee Tribe of Indians of Fla.*, 516 F.3d 1235, 1258 (11th Cir. 2008). "The Court is not required to review documents *in camera,* or even to order a *Vaughn* Index in every case. At times, other methods, such as affidavits, will suffice." *Broward Bulldog, Inc. v. U.S. Dep't of Justice*, No. 12-61735-CIV, 2014 WL 2999205, at *2 (S.D. Fla. Apr.

4, 2014); s*ee also Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993).

"[I]n certain cases, affidavits can be sufficient for summary judgment purposes in an FOIA case if they provide as accurate a basis for decision as would sanitized indexing, random or representative sampling, *in camera* review, or oral testimony." *St. Andrews Park, Inc. v. U.S. Dep't of Army Corps of Engineers*, 299 F. Supp. 2d 1264, 1271 (S.D. Fla. 2003) (quoting *Miscavige,* 2 F.3d at 369). "Use of declarations or affidavits to meet the government's burden in such cases is appropriate so long as the declarations are specific and detailed enough to provide the necessary information needed for the court to make a decision." *Del Rio v. Miami Field Office of Fed. Bureau of Investigations*, No. 08-21103-CIV, 2009 WL 2762698, at *6 (S.D. Fla. Aug. 27, 2009) (citing *Miscaviage*, 2 F.3d at 368)).

Defendant, at this point, is relying on the Keaton Declaration to establish its burden that the documents at issue were properly withheld. The Court has carefully reviewed the Keaton Declaration [DE 27-5]. Pages 7-12 of the Keaton Declaration contain tables that list "Pages," "Document Description," and "Rationale." The Court finds that these tables provide sufficient information regarding the documents Defendant withheld in full or in part. Specifically, the tables include general descriptions of the authors and recipients of the documents, the dates the documents were created, and the page numbers. The tables also explain Defendant's rationale for withholding documents. The tables in the Keaton Declaration are, in effect, the functional equivalent to a Vaughn index.

Plaintiff's various arguments that he is entitled to a Vaughn index are without merit. First, Defendant clearly is not required to provide information about documents it deemed nonresponsive to Plaintiff's FOIA request. This would be nonsensical and illogical. Second, the Court does not see any evidence, or even the real inference, of bad faith by Defendant anywhere in

the docket in this case. Third, Plaintiff requests that Defendant provide certain information, such as which documents pertain to which PLRs, but Plaintiff has cited no authority for this request. The case law does not appear to require this from government agencies which are responding to FOIA requests. And, under the facts of this case, it appears to be wholly unnecessary.

Furthermore, the Keaton Declaration establishes an adequate factual basis to permit the Court to make a decision on its Motion for Summary Judgment and also to permit Plaintiff to test the bases for Defendant's claims of exemptions. The Court therefore finds that, in this specific case, Defendant should not be required to create a Vaughn index.[1]

### IV. Conclusion

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Compel Production of a Vaughn Index; Plaintiff's Motion for an Extension of Time to File His Response to Defendant's Motion for *Summary* Judgment [DE 28] is **GRANTED IN PART AND DENIED IN PART**.

2. The Motion is denied to the extent Plaintiff seeks an order compelling Defendant to produce a Vaughn index.

3. The Motion is granted *nunc pro tunc* to the extent that Plaintiff seeks an extension of time to respond to Defendant's Motion for Summary Judgment [DE 27]. Plaintiff shall file his response on or before **May 13, 2020**.

---

[1] The Court notes that the facts before it in this case are distinguishable from the facts that were before it in another case involving Plaintiff. In *Scott v. Internal Revenue Serv.*, No. 18-81742-CIV, 2019 WL 2064817, at *3 (S.D. Fla. May 10, 2019), the Court found that the tables included in the relevant declaration did "not provide sufficient information regarding the withheld documents. Specifically, the tables do not include the authors and recipients of the documents, the dates the documents were created, or the number of documents included within the listed page numbers." *Id.* The Court found that, in that specific case, the defendant had to create a Vaughn index. *Id.* In the case at hand, the tables found within the relevant declaration do contain sufficient information regarding the withheld documents.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of April, 2020.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge