UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-81750-MARRA

JAMES E. SCOTT,

    Plaintiff, *pro se*,
vs.

INTERNAL REVENUE SERVICE,

    Defendant.
_____/

### ORDER AND OPINION ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon the Internal Revenues Service's ("IRS") Motion for Reconsideration [DE 44]. The Court has carefully considered the motion, response, reply, and is otherwise fully advised in the premises.

"[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" *L.M.P. v. Florida Dept. of Educ.*, No. 06-61897-CIV, 2008 WL 4218120, *2 (S.D. Fla. Sept. 15, 2008) quoting *Williams v. Cruise Ships Catering & Serv. Int'l*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) ("*Williams*") (internal citations omitted). A motion for reconsideration is not a "vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992); *Pretka v. Kolter City Plaza II Inc.*, No. 09–80706–CIV, 2011 WL 3204256, *3 (S.D. Fla. July 27, 2011). Courts generally limit reconsideration of earlier rulings to situations where the controlling law has changed, new evidence is available, or manifest injustice or clear error must be prevented. *See Williams*, 320 F. Supp. 2d at 1357-58; *see also DeLong Equipment Co. v. Washington Mills Electro Minerals Corp.*, 990 F.2d 1186, 1197 (11th

Cir. 1993).  In addition, and particularly in this case, a motion for reconsideration cannot be a vehicle for presenting new legal theories to reach the end result desired by the moving party.  *Mitchell v. C.I.R.*, No. 10891–10, 2013 WL 4606294, at *3 (U.S. Tax Ct. Aug. 29, 2013) citing *Estate of Quick v. C.I.R.*, 110 T.C. 440, 441-442 (U.S. Tax Ct. 1998). Here, the alleged errors of law purported made by the Court were never presented in the IRS's Motion for Summary Judgment, so on that basis alone, the motion is denied.  But even considering the merits of the motion, the Court denies the motion as follows.

The IRS asserts that the Court committed clear error of law when it ordered unsealed pages 8-12, 15, 24, 33, 34, 42, 51 and 59-64 of the withheld pages ("Withheld Pages").  *See* DE 42 at 42.  After careful consideration, the Court concludes that an error was made, but not the error argued by the IRS.  The mistake was putting two disputed facts under the category of undisputed facts.

In the undisputed facts section of the Order and Opinion which is the subject of the instant motion, at paragraph 66, the Court wrote, "Mr. Keaton states in his Declaration that the information withheld under FOIA Exemption 3 in connection with 26 U.S.C. § 6103(a) includes taxpayer-specific information, including identifying information, which was received by, recorded by, prepared by, furnished to, or collected by the IRS with respect to the determination of the existence or possible existence of a tax liability. Keaton Dec. ¶ 28." DE 42 at 11.  At paragraph 67, the Court wrote, "Mr. Keaton states in his Declaration that the withheld information is part of a written determination or background file document that is not open to the public under 26 U.S.C. § 6110.  Keaton Decl. ¶ 28." *Id.*  In fact, Scott disputed these

purported facts, and therefore it was an error to include these assertions in the category of undisputed material facts.  DE 27-1 at ¶¶ 68, 69; DE 36 at ¶¶ 68, 69.

The IRS asserts that the Withheld Pages are properly withheld in full as they are, in their entirety, "return information" because they were generated, collected, gathered, or provided to the IRS with respect to a private letter ruling ("PLR") <u>and</u> are part of a written determination or background file document that is not open to the public under 26 U.S.C. § 6110.  DE 44 at 1-3, 5-6; DE 49 at 3-4 (emphasis added).  Although the Court improperly repeated the later part of this assertion in the undisputed material facts section of the Opinion and Order, the Court did not adopt or address this statement in its analysis because it was not argued in the IRS's memorandum of law in support of its Motion for Summary Judgment.[1]

In its Motion for Summary, the IRS lodged one objection to the release of the Withheld Pages:  that they consisted of the name and contact information of a third-party taxpayer representative and the name and other return information of a third-party taxpayer.[2,3]  DE 27-2 at 15 of 25 referring to the IRS's Statement of Undisputed

---

[1] The IRS mentions § 6110 only once in its memorandum of law on page 5 (DE 27-2) under the section regarding their adequate search, and the argument asserted in the Motion for Reconsideration regarding § 6110 is not made or presented in their brief.

[2] The IRS complains that the Court entirely focused its determination on whether the information within the Withheld Pages identified a third-party taxpayer.  "The Court apparently focused its determination in this manner due to the clause at the end of § 6103(b), which provides that return information "does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer."  DE 44 at 6 of 14.  The IRS is incorrect.  The reason the Court reviewed the Withheld Pages and concluded that they did not identify a third-party taxpayer is because that was the reason asserted by the IRS as to why the pages should be withheld. DE 42, ¶ 70.

[3] Keaton states in his Declaration regarding the pages at issue:
  Pages 8-12 have been withheld in full because "[t]he withheld material consists of the name and contact information of a third-party taxpayer representative and the name and other return information of a third-party taxpayer.  DE 42, ¶ 70.
  Page 15 was withheld in full because "[t]he withheld material consists of the name and other return information of a third-party taxpayer."  *Id*.
  Page 24 was withheld in full because "[t]he withheld material consists of the return information of a third-party taxpayer."  Id.

Material Facts, ¶¶ 68, 72.  The Court correctly concluded that the Withheld Pages did not wholly consist of such information, and that any such information was segregable.[4]  Although the IRS complains in its Motion for Reconsideration that "the Court's analysis as to the Withheld Pages improperly relied on whether those pages 'wholly' identified third-party taxpayers," the Court should not be faulted for addressing that same argument asserted by the IRS in its Motion for Summary Judgment.

Next, the IRS argues at length that since the records are in and of themselves "return information," then *Church of Scientology* requires that the entire record be withheld in full.  DE 44 at 8-9.  At the same time, the IRS acknowledges that "if the records merely contain return information, then the courts are tasked with ensuring the withheld information is 'return information' and that all other non-return

---

Page 33 was withheld in full because "[t]he withheld material consists of the name and other return information of a third-party taxpayer."  *Id*.

Page 34 was withheld in full because the withheld "material consists of the name of a third-party taxpayer representative and the name and other return information of a third-party taxpayer."  *Id*.

Page 42 was withheld in full because "[t]he withheld material consists of the return information of a third-party taxpayer."  *Id*.

Page 51 was withheld in full because "[t]he withheld material consists of the return information of a third-party taxpayer."  *Id*.

Pages 59-60 were withheld in full because "[t]he withheld material consists of the name and other return information of a third-party taxpayer."  *Id*.

Page 61 was withheld in full because "[t]he withheld material consists of the name and contact information of a third-party taxpayer representative."  *Id*.

Pages 62-63 were withheld in full because "[t]he withheld material consists of the name and contact information of a third-party taxpayer representative and the name and other return information of a third-party taxpayer," and finally

Page 64 was withheld in full because "[t]he withheld material consists of the name and contact information of a third-party taxpayer representative."  *Id*.

[4] When the Court reviewed these pages *in camera*, there was no name or contact information on them. Pages 8-9 consist of an "[e]xcerpt from H.R. 1 as introduced in the House of Representatives on January 26, 2009." Pages 10-12 consist of an "[e]xcerpt from . . . H.R. Conf. Rep. 111-16, H.R. Conf. Rep. 111-16 (2009)." The remaining pages consist of, for the most part, one or two sentence emails that reveal nothing other than, at most, the name of the PLR requester in the subject heading of the email.

information is produced." DE 44 at 8.

The IRS complains that the Court failed to make the predicate determination that the Withheld Pages were themselves "return information." According to the IRS, the Withheld Pages are, in their entirety, "return information" because they include "taxpayer-specific information including identifying information, which was received by, recorded by, prepared by, furnished to, or collected by the IRS with respect to the determination of the existence or possible existence of a tax liability" **and** are part of a written determination or background file document that is not open to the public under § 6110." DE 44 at 2 (emphasis in original). The IRS states, "[b]ackground file documents[5] that are not open to public inspection under § 6110 are, in and of themselves 'return information' under § 6103(b)(2)(B), which provides that return information is 'any part of any written determination or any background file document relating to such written determination (as such terms are defined in § 6110(b)) which is not open to public inspection under § 6110 . . .'" DE 44 at 2-3. The IRS further asserts that the

> Supreme Court . . . made clear in *Church of Scientology v. IRS,* 484 U.S. 9 (1987), that if a document is itself return information, then there is no need to determine whether the document directly identifies the taxpayer. Thus, to the extent these pages are themselves <u>return information</u> because they are generated, collected, gathered, or provided to the Service with respect to a private letter ruling ("PLR") and are part of a written determination or background file document that is not open to the public under § 6110, then it does not matter whether they 'wholly' identify the taxpayer; they must be <u>withheld in</u>

---

[5] 26 USC § 6110(b)(2) states that the term "background file document" with respect to a written determination includes the request for that written determination, any written material submitted in support of the request, and any communication (written or otherwise) between the Internal Revenue Service and persons outside the Internal Revenue Service in connection with such written determination (other than any communication between the Department of Justice and the Internal Revenue Service relating to a pending civil or criminal case or investigation) received before issuance of the written determination.

<u>full</u>.

DE 44 at 2 (emphasis added).  So, according to the IRS, it is well established that under the facts it asserts, the Withheld Pages are properly categorized as return information and must be withheld in full.

The IRS's argument might have merit if Scott had not disputed the IRS's claim that the documents are not open to the public under § 6110.  Now, after briefing on the Motion for Reconsideration, the Court realizes that this key legal conclusion was improperly placed in the section of undisputed facts when it was in fact disputed by Scott.  This led the Court to examine the Withheld Pages once again, to see if they fall into any of the categories under § 6110 that makes a document not open to public inspection.

The IRS's assertion that these pages are not open to the public under § 6110 is a broad sweeping legal conclusion made without reference to any factual basis to support it.  The IRS refers to the confluence of a complex statutory scheme involving 5 U.S.C. § 552(b)(3) ("Exemption 3"),[6] 26 U.S.C. § 6103(b)(2)(B)[7] and 26 U.S.C. §

---

[6] FOIA Exemption 3 protects matters that are "specifically exempted from disclosure by statute … provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3).  Section 6103 of the Internal Revenue Code is one such statute. *Smart-Tek Service Solutions Corp. v. United States Internal Revenue Service*, 2018 WL 6560409, at *5 (S.D. Cal. 2018) citing *Long v. U.S.*, 742 F.2d 1173, 1178 (9th Cir. 1984). Section 6103 provides that returns and returns information "shall be confidential," subject to certain exceptions. 26 U.S.C. § 6103(a). "If § 6103 forbids the disclosure of material, it may not be produced in response to a request under the FOIA." *Church of Scientology of California v. I.R.S.*, 484 U.S. 9, 11 (1987). FOIA requesters are generally not entitled to information identifying another taxpayer.  *See, e.g., Willamette Indus., Inc. v. United States*, 689 F.2d 865, 867-69 (9th Cir. 1982) (treating another taxpayer's identifying information as exempt from FOIA request but requiring IRS to provide reasonable segregable portions of the record); *DeSalvo v. I.R.S.*, 861 F.2d 1217 (10th Cir. 1988) ("Individuals are … not entitled to the tax returns or return information of others unless a specific exception within the statute applies."); *Linsteadt v. I.R.S.*, 729 F.2d 998, 1000 (5th Cir. 1984)

[7] 26 U.S.C. § 6103(b)(2)(B) states, in pertinent part, that "return information" includes "any part of any written determination or any background file document relating to such written determination … which is not open to public inspection under section 6110."

6110.[8]

Section 6110 is a disclosure provision rather than a nondisclosure provision. Section 6110 of the Internal Revenue Code provides generally that "[e]xcept as otherwise provided in this section, the text of any written determination and any background file document relating to such written determination <u>shall</u> be open to public inspection . . . ." 26 U.S.C § 6110(a) (emphasis added); *Electronic Frontier Foundation v. United States Dep't of Justice*, 376 F. Supp. 3d 1023, 1032 (N.D. Cal. 2019). Section 6110 includes various exemptions from disclosure substantially patterned after the exemptions in the FOIA, *see* 26 U.S.C. § 6110(c); *Britt v. I.R.S.*, 547 F. Supp. 808, 812 (D.D.C. 1982); *Scott v. Internal Revenue Service*, Case No. 18-CV-8152, 2021 WL 256417, at *12 (S.D. Fla. 2021). Section 6110(c) sets out the following exemptions from disclosure:

> Before making any written determination or background file document open or available to public inspection under § 6110(a), the Secretary shall delete—
>
> (1) the names, addresses, and other identifying details of the person to whom the written determination pertains and of any other person, other than a person with respect to whom a notation is made under subsection (d)(1), identified in the written determination or any background file document;
>
> (2) information specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy, and which is in fact properly classified pursuant to such Executive order;

---

[8] Section 6110 provides that written determinations and background file documents shall be open to public inspection in redacted form. While the FOIA establishes a general right to full disclosure of information maintained by the IRS, § 6110 provides the exclusive method for obtaining access to the Service's private letter rulings, determination letters, and background files. With respect to these types of records, § 6110 supersedes the FOIA. Saltzman & Book: IRS Practice & Procedure (WG&L), § 2.01 Introduction, 1999 WL 1050870, *4.

> (3) information specifically exempted from disclosure by any statute (other than this title) which is applicable to the Internal Revenue Service;
>
> (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;
>
> (5) information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;
>
> (6) information contained in or related to examination, operating, or condition reports prepared by, or on behalf of, or for use of an agency responsible for the regulation or supervision of financial institutions; and
>
> (7) geological and geophysical information and data, including maps, concerning wells.
>
> The Secretary shall determine the appropriate extent of such deletions and, except in the case of intentional or willful disregard of this subsection, shall not be required to make such deletions (nor be liable for failure to make deletions) unless the Secretary has agreed to such deletions or has been ordered by a court (in a proceeding under subsection (f)(3)) to make such deletions.

26 U.S.C. § 6110(c).  The Court has carefully reviewed the Withheld Pages *in camera*, and finds that they do not fall under any of the statutory exceptions itemized above.

The IRS asserts that PLRs and background file documents that are not open to public disclosure include, but are not limited to, the identifying details of the person to whom the written determination pertains.  DE 49 at 7.  The Court is hard pressed to see how clear error was committed in this respect.  In the Order and Opinion, the Court ordered the IRS to redact the identifying details of the entity to whom the PLR pertained.  This protected information is only apparent in the subject heading of a few emails and is easily redacted.  This is all that is required under the FOIA and § 6110.  Since the Court has carefully reviewed the Withheld Pages *in camera*, and finds that they do not fall under any of the statutory exceptions listed in § 6110(c),

the Withheld Pages are not in their entirety "return information and "shall be" open to public inspection.  26 U.S.C. § 6110(a).

A further complaint of the IRS is that the Court's Opinion did not access whether the Withheld Pages were, in and of themselves, "data" received by, recorded by, prepared by, furnished to, or collected by the IRS with respect to the determination of the possible existence of a tax liability pursuant to 26 U.S.C. § 6103(b)(2)(A).  DE 44 at 4, 6, 9, 10.  According to the IRS, the Withheld Pages are also properly withheld in full as "return information" because they consist of "data" as defined in § 6103(b)(2)(A) (*i.e.*, factual in nature and unique to a taxpayer).  DE 44 at 11.  However, a search of the IRS's Motion for Summary Judgment finds no argument applying § 6103(b)(2)(A) to the facts of this case.  The IRS mentions the word "data" once in its Motion for Summary Judgment in a footnote to the following sentence, "[t]he term 'return information' is broadly defined."  The footnote provides, in toto:

> Section 6103 provides, in pertinent part, that "return information" includes: [A] **taxpayer's identity,** the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits assets, liabilities, net worth, tax liability, tax withheld, deficiencies, over-assessments, or tax payments, whether the taxpayer's return was, or is being examined, or subject to other investigation or processing, **or any other data,** received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense.

26 U.S.C. § 6103(b)(2)(A) (emphasis added by IRS).  DE 27-2 n.5.  The IRS mentions this statutory provision once more in its brief in a section entitled, "the service properly segregated the exempt and non-exempt material."  The IRS merely states, without application or analysis, "the Supreme Court has noted that 'return information,' as defined under 26 U.S.C. § 6103(b)(2)(A), cannot simply be segregated

and redacted.  *See Church of Scientology*, 484 U.S. at 18; *Currie*, 704 F.2d at 531-32."  DE 27-2 at 24.

*Church of Scientology* is oft cited for the proposition that "the mere removal of identifying details" does not alter the confidentiality of documents that constitute "return information."  *Church of Scientology*, 484 U.S. at 15.  At the same time, when a record that is not itself "return information" contains both return information and non-return information, the non-return information can be released if it is reasonably segregable.  *See, e.g., Tax Analysts*, 117 F.3d at 616, 620 (holding that the IRS could redact "true return information" from certain field memoranda, but that the legal analyses contained in the memoranda were not exempt "return information"); *Cause of Action v. Internal Revenue Service*, 125 F.Supp.3d 145, 164 (D.D.C. 2015).

As discussed above, the Court has concluded that the Withheld Pages are not "return information," and any specific taxpayer information was ordered to be removed before the Withheld Pages are disclosed.  Since the IRS made no argument in its motion for summary judgment that the Withheld Pages were "data" and thus "return information," and only now argues after-the fact and for the first time in its Motion for Reconsideration that the Court erred by not making this finding, the Court cannot be faulted for not considering an argument not made.  Moreover, the Court will not consider arguments raised for the first time here, for a motion for reconsideration cannot be "a vehicle for presenting theories or arguments that could have been advanced earlier."  *United States ex rel. Landis v. Tailwind Sports Corp.*, 167 F.Supp.3d 80, 82 (D.D.C. 2016) quoting *Loumiet v. United States*, 65 F.Supp.3d 19, 24 (D.D.C. 2014); *Klayman v. City Pages,* No: 5:13–cv–143–Oc–22PRL, 2015 WL

12856562, at *1 (M.D. Fla. June 9, 2015) (Court will not reconsider a ruling based on arguments which could, and should, have been previously made). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Internal Revenues Service's Motion for Reconsideration [DE 44] is denied.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of May, 2021.

                                            KENNETH A. MARRA
                                            United States District Judge